# EXHIBIT 1

WILMERHALE

November 15, 2021

**Sonal N. Mehta**

+1 650 600 5051 (t)
+1 650 858 6100 (f)
sonal.mehta@wilmerhale.com

**VIA EMAIL**

Krista L. Baughman
Harmeet K. Dhillon
Dhillon Law Group Inc.
177 Post Street, Suite 700
San Francisco, CA 94108
kbaughman@dhillonlaw.com
harmeet@dhillonlaw.com

Re: *John Stossel v. Facebook, Inc., et al.*, No. 5:21-cv-07385 (N.D. Cal.)

Dear Ms. Baughman:

    We write on behalf of Meta Platforms, Inc. ("Meta"; formerly Facebook, Inc.) regarding the above-captioned matter. We have carefully considered your complaint asserting that fact-check labels applied to two of Mr. Stossel's videos constituted defamation. Our review of your complaint raises serious concerns about the validity of your claim, some of which echo the concerns we already raised in our pre-suit letter to Ms. Dhillon on December 22, 2020. Put simply, no good faith basis exists to proceed with this suit.

    *First*, Section 230(c)(1) of the Communications Decency Act protects interactive computer services, such as Meta, from claims that target decisions to show or restrict access to content created by another entity. *See Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1102 (9th Cir. 2009). Mr. Stossel's defamation claim does just that. Meta's fact-checking apparatus is precisely the type of "neutral tool" offered to third parties that courts have repeatedly held does not transform an interactive computer service into a content creator. *See Kimzey v. Yelp*, 836 F.3d 1263, 1269–71 (9th Cir. 2016); *Gentry v. eBay, Inc*, 99 Cal.App.4th 816, 833–34 (2002). And, to the extent Mr. Stossel instead means to plead that content created by Science Feedback is attributable to Meta through an agency theory or otherwise, the complaint's vague and conclusory references to an "agency" relationship do not satisfy Mr. Stossel's pleading burden.

    *Second*, the complaint does not plead a defamation claim against Meta. Because he is a public figure, Mr. Stossel must plead specific facts to establish that Meta made the allegedly defamatory statements with actual malice. *Reader's Digest Ass'n v. Superior Court*, 37 Cal.3d 244, 256 (1984). Again, the complaint falls short. It offers only generalized allegations that Meta "knew[] or should have known" that the allegedly defamatory statements were false. Compl. ¶¶ 122, 131. Moreover, none of the complaint's allegations show that the labels Meta affixed to Mr. Stossel's videos following Science Feedback's fact checks were either false or

WILMERHALE

November 15, 2021
Page 2

defamatory. *Stolz v. KSFM 102 FM*, 30 Cal.App.4th 195, 202 (1994) (public figure plaintiffs must show falsity); Cal. Civ. Code § 45 (defamatory words are those which "expose[] any person to hatred, contempt, ridicule, or … which cause[] [the speaker] to be shunned or avoided"). In any event, the complaint does not (and cannot) challenge that the fact-check labels are statements of opinion, which cannot give rise to defamation liability. *Standing Committee on Discipline of U.S. Dist. Ct. v. Yagman*, 55 F.3d 1430, 1439–40 (9th Cir. 1995).

*Third*, because Mr. Stossel's defamation claim arises from protected editorial conduct by Facebook, it is subject to California's anti-SLAPP statute. *See* Cal. Civ. Proc. Code § 425.16(b). That statute permits Facebook to move to strike that claim from the complaint and, if successful, to recover attorneys' fees incurred for litigating that claim. Meta is considering filing such a motion alongside its motion to dismiss. If Meta files an anti-SLAPP motion, it will seek all appropriate fees.

In short, the complaint does not state any viable defamation claim against Meta. Its numerous deficiencies cannot be cured by amendment. To the extent you believe that we misapprehend the law or your factual allegations, please explain the specific basis for your disagreement. To the extent you believe there are amendments that could somehow cure these defects, please plead them *before* Meta (and, importantly, the Court) are forced to undertake the burden and expense of litigating a motion to dismiss. To the extent you intend to proceed with your complaint as filed, please be on notice that Meta will vigorously defend itself.

Sincerely,

Sonal N. Mehta

cc:   Ari Holtzblatt
      Molly Jennings