THOMAS R. BURKE (State Bar No. 141930)
  thomasburke@dwt.com
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-6533
Telephone:(415) 276-6500
Facsimile:(415) 276-6599

SELINA MACLAREN (State Bar No. 300001)
  selinamaclaren@dwt.com
ABIGAIL ZEITLIN (State Bar No. 311711)
  abigailzeitlin@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendant
SCIENCE FEEDBACK

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN STOSSEL, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FACEBOOK, INC., a Delaware corporation; SCIENCE FEEDBACK, a French non-profit organization; and CLIMATE FEEDBACK, a French non-profit organization,<br><br>　　　　Defendants. | Case No. 5:21-cv-07385<br><br>**DEFENDANT SCIENCE FEEDBACK'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6) AND SPECIAL MOTION TO STRIKE COMPLAINT PURSUANT TO CALIFORNIA'S ANTI-SLAPP STATUTE, CODE CIV. PROC. § 425.16**<br><br>[Special Motion to Strike; Declaration of Thomas R. Burke with Exhibits 1-10 Filed Concurrently]<br><br>Date:　　April 12, 2022<br>Time:　　10:00 AM<br>Courtroom:　2 |

# REQUEST FOR JUDICIAL NOTICE

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendant Science Feedback respectfully requests that the Court take judicial notice of: (1) two online articles published on Defendant's website, Climate Feedback (the "Articles"); (2) a screenshot of Plaintiff's Facebook profile webpage, which includes four videos posted by Plaintiff at issue in this action, and a screenshot of his Alarmism Video post; (3) a webpage describing Facebook's rating system; (4) Climate Feedback's response article to Plaintiff's allegations; (5) a webpage explaining Climate Feedback's review process; (6) legislative history for California Assembly Bill 998 (2015-2016) that resulted in the 2015 amendment of Civil Code § 48a; and (7) transcripts of the two Facebook videos that form the basis of this action (attached as Exhibits 1-10 to the Burke Declaration).

In ruling on Science Feedback's motion, the Court may consider materials explicitly or implicitly referred to in the Complaint under the doctrine of "incorporation by reference." *E.g.*, *In re Silicon Graphics Inc. Secs. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (in ruling on a motion to dismiss, court may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading") (alteration in original) (quotation omitted), *superseded by statute on other grounds*; *Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005) (Rule 12 motion properly granted by considering web pages of SEC filings referred to in complaint and attached to defendant's motion). Such materials are subject to judicial notice under Federal Rule of Evidence 201. *See, e.g.*, *Brown v. Electronic Arts*, 724 F.3d 1235, 1248 n.7 (9th Cir. 2013) (noting that the district court properly considered defendant's video game "as part of the complaint itself through the 'incorporation by reference' doctrine," and that "[w]e do the same"); *Dr. Seuss Enterprises, L.P. v. ComicMix LLC*, 256 F. Supp. 3d 1099, 1105 n.1 (S.D. Cal. 2017) ("a court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned") (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *In re Northpoint Commc'ns Group, Inc. Secs. Litig.*, 221 F. Supp. 2d 1090, 1095 (N.D. Cal. 2002)).

A document not attached to the complaint is incorporated by reference if it "forms the basis of the plaintiff's claim." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). But "in order to '[p]revent [] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting ... documents upon which their claims are based,' a court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Swartz*, 476 F.3d at 763 (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998)).

Here, Plaintiff's Complaint explicitly mentions numerous webpages, but does not attach them as exhibits to the Complaint. In particular, Plaintiff's claims against Science Feedback are based on alleged statements in two articles published on Climate Feedback's website. *E.g.*, Compl. ¶¶ 47, n.6; 85, n.10. These footnotes in the Complaint explicitly give the hyperlinks for the Articles. Plaintiff contends these Articles misconstrue claims made in two videos he posted to his Facebook page, which are also explicitly referenced with hyperlinks to his Facebook social media profile. Compl. ¶¶ 37, n.5; 78, n.9. The Complaint also incorporates Facebook's fact-checking policy webpage by reference and provides the hyperlink to the website. Compl. ¶¶ 29-32, n.3. Climate Feedback's website, which includes its response to Plaintiff's allegations and its review process page, is cited to extensively throughout the Complaint. Compl. ¶ 47, n.6; ¶ 69, n.8; ¶ 71, n.8; ¶ 74; ¶ 85, n.10; ¶¶ 87-88. None of these webpages were provided by Plaintiff, and we attach them in Exhibits 1-6, respectively.

The Court may also take judicial notice of legislative history. *See Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012) ("Legislative history is properly a subject of judicial notice."); *see In re Google Location Hist. Litig.*, 428 F. Supp. 3d 185, 189 (N.D. Cal. 2019) (taking judicial notice of legislative history of California statute). Defendant has provided the legislative history for California Assembly Bill 998 (2015-2016), which amended California's correction statute, in Exhibit 7.

Finally, Plaintiff's claims against Defendant are based on two videos he published on his webpage. These videos are explicitly discussed and quoted from in the Complaint. Compl. ¶¶

37, n.5; 78, n.9.  We attach a true and correct copy of the transcripts of these videos as Exhibits 8 and 9, respectively, and a screenshot of the Alarmism Video post as Exhibit 10.

DATED: January 31, 2022

DAVIS WRIGHT TREMAINE LLP
THOMAS R. BURKE
SELINA MACLAREN
ABIGAIL ZEITLIN

By: */s/ Thomas R. Burke*
    Thomas R. Burke

Attorneys for Defendant
SCIENCE FEEDBACK